Mohamed Abdur RAHIM, Petitioner,

v.

Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondents.

No. 06–5051–ag.

United States Court of Appeals,
Second Circuit.

July 3, 2007.

David J. Rodkin, New York, NY, for Petitioner.

Peter D. Keisler, Asst. Atty. General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Mohamed Abdur Rahim, a native and citizen of Bangladesh, seeks review of an October 19, 2006 order of the BIA affirming the June 6, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr pretermitting Rahim's application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mohamed Abdur Rahim*, No. A 96 426 999 (B.I.A. Oct. 19, 2006), *aff'g* No. A 96 426 999 (Immig. Ct. N.Y. City, June 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As a preliminary matter, we deem Rahim's claims for asylum and relief under the CAT abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, we note that in his brief to the Court, Rahim does not explicitly argue that the IJ's adverse credibility determination was not supported by substantial evidence. Instead, he contends that the letter from the State Department was "unreliable and not probative," and that "the use of the document by the Court below was fundamentally unfair." Because the results of the consular investigation discussed in the letter appear to have been dispositive of the agency's adverse credibility determination, we construe Rahim's brief as having challenged the agency's adverse credibility finding.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Here, we cannot determine at this time whether substantial evidence supports the BIA's and IJ's adverse credibility determinations because of a deficiency in the information provided to the BIA by the State Department. In *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255 (2d Cir.2006), we found that a report from the United States Consulate in Guangzhou, China, regarding the authenticity of a certificate of release from prison, was "highly unreliable" because it failed to indicate "(i)

the identity and the qualifications of the investigator(s); (ii) the objective and extent of the investigation; and (iii) the methods used to verify the information". In the pending case, in a letter proffered by the Government, a representative of the State Department reported that the U.S. Embassy in Dhaka, Bangladesh presented the complaint to authorities at Badda Police Station in Dhaka. According to the letter, Embassy officials then reviewed the "register" for such documents and found that the information contained in the complaint "bore no resemblance" to the actual case recorded in the official register under the same complaint number. Embassy officials therefore concluded that the complaint was fraudulent, and declined to attempt to verify the arrest warrant and charge sheet that Rahim had also submitted as evidence. However, the State Department did not provide the names or qualifications of the people who conducted the investigation, nor did it provide a copy of any report it may have received from the U.S. Embassy, as required by *Zhen Nan Lin.* The letter sufficiently informs us that the objective of the investigation was to ascertain the existence of a criminal charge against the petitioner and that the method used was to go to the police station and examine records found there. The deficiency we have noted appears to be one that the State Department can readily remedy upon request by the BIA.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).